(C. D. 846)

FRANK P. DOW CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 21, 1944)

*Harper & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*James F. Donnelly* and *Joseph A. Howard, Jr.,* special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is a suit against the United States arising at the port of San Francisco, in which the plaintiff protests against the action of the collector in classifying a shipment imported from Mexico as rice bran and assessing duty thereon at ⅝ of 1 cent per pound under paragraph 727 of the Tariff Act of 1930. The pertinent parts of that paragraph read as follows:

PAR. 727. * * * broken rice, which will pass readily through a metal sieve perforated with round holes five and one-half sixty-fourths of one inch in diameter, and rice meal, flour, polish, and bran, five-eighths of 1 cent per pound.

It is claimed in the protest that the merchandise is dutiable at 20 per centum ad valorem as a nonenumerated article manufactured in whole or in part under paragraph 1558; at 10 per centum ad valorem as "bran, shorts, by-product feeds obtained in milling wheat or other cereals" under paragraph 730; or at 5 per centum ad valorem under the same provision in paragraph 730 as modified by the trade agreement with Canada, T. D. 49752. An amendment to the protest contains an additional claim that the merchandise is dutiable at 10 per centum ad valorem under paragraph 731 as "screenings, scalpings, chaff, or scourings of wheat, flaxseed, or other grains or seeds" or at 5 per centum ad valorem under the same provision as modified by the trade agreement with Canada, *supra*.

The first witness called by the plaintiff was Mr. Paul X. Smith who is connected with the importing firm and who had purchased and sold feed products for 14 years. He testified that he examined the instant shipment in the hold of the vessel and on the pier and inspected about 2,000 bags out of the shipment which consisted of 2,728 bags; that he found that it consisted of a mixture of rice bran, rice hulls, screenings, rice polish, and broken rice; that he sold the merchandise to feed dealers who in turn sold it to their customers; that the customers of the firms to whom he sold the goods refused to accept the merchandise as originally tendered and it had to be fumigated and allowances made for fumigation and contamination; that based upon his experience in the trade, the merchandise was not rice bran, rice meal, rice flour, or rice polish.

On cross-examination the witness testified that the merchandise had some rice polish in it and also rice bran and parts of the hulls and was also in part of screenings; that he opened only 50 bags when he made his examination, which consumed about an hour of time; that he sold the merchandise as rice bran; that this shipment was the first he had received from this Mexican exporter and he had not imported any more from him; that, so far as the trade is concerned, there is very little difference between rice meal and rice bran.

On redirect examination the witness testified that the domestic product sold as rice bran does not contain rice hulls, rice polish, screenings, or rice kernels to the extent of that covered by the instant importation; that he did not import any further shipments from the Mexican seller because he was afraid of the quality.

The next witness called by the plaintiff was Mr. Henry L. Alves, who is the chief chemist in the United States Customs Laboratory at San Francisco. He testified that he examined a sample from the importation, consisting of about 6 ounces, and analyzed it for its oil content and also examined it microscopically; that his examination established that it was rice bran; that he based his determination on the oil content and on the microscopic examination. On cross-

examination he testified that in determining the oil content and making the microscopic examination he followed standard practice and standard authority for the purpose of determining whether or not the commodity was rice bran. At a subsequent trial the same witness produced his official report on the analysis and it was admitted in evidence and marked exhibit 1.

We find, from an examination of the evidence, that the plaintiff has failed to overcome the presumption of correctness attaching to the collector's classification. The plaintiff had the burden of not only establishing that the collector's classification was erroneous but also that the merchandise was properly classifiable under one of the paragraphs named in the protest. We find nothing in the record to support any of the claims made. There appear to be different types of rice bran, depending upon the method of manufacture. The plaintiff's witness testified that the instant merchandise is an inferior type. However, the provision for rice bran in the statute is without qualification. Therefore, it must be construed as covering all grades of the product.

In the case of *Shull Armstrong Co.* v. *United States*, 48 Treas. Dec. 708, Abstract 50255, the court described the commodity involved as "consisting apparently of ground-up particles of the outer covering of the rice, together with particles of polish, so-called, and small pieces of broken rice," and held it to be rice bran. In the instant case the plaintiff's witness testified that upon examination of the imported product he found a mixture of rice bran, rice hulls, screenings, rice polish, and broken rice. He did not state which of those components constituted the component of chief value, but it is obvious that the majority of them are *eo nomine* provided for in paragraph 727 at the same rate of duty as that assessed on rice bran. The imported commodity appears to be of the same character as that passed upon in *Shull Armstrong Co.* v. *United States, supra,* which the court held to be rice bran. Inasmuch as witness Alves found the instant merchandise to be rice bran, using standard practice and standard authority in making his determination, we hold that the collector's decision is supported by the evidence.

The protest is overruled. Judgment will be rendered in favor of the defendant.